UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VEGA,<br><br>     Plaintiff(s),<br><br>  v.<br><br>PENINSULA HOUSEHOLD SERVICES, INC., ET AL.,<br><br>     Defendant(s).<br>_____/ | No. C-08-03815 JCS<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(1) AND FRCP 12(B)(6)  [Docket No. 23]** |

## I.     INTRODUCTION

Plaintiff Guillermo Vego has filed an action against his former employer, Peninsula Household Services, Inc. ("Peninsula"), and its president, Michael Goff, asserting wage-and-hour claims under the federal Fair Labor Standards Act ("FLSA") and California state law.  Defendants bring a Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) ("the Motion"), asserting that the Court lacks subject matter jurisdiction or alternatively, that Plaintiff fails to state a claim under the FLSA, because Peninsula is not "an enterprise engaged in commerce" as defined under the FLSA.  Defendants further assert that Michael Goff should be dismissed as a defendant because no viable claim has been asserted against him.  The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).  The Court determines that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b) and therefore **vacates the hearing on the Motion set for March 20, 2009 at 9:30 a.m.  The Case Management Conference set for the same time shall be moved to 1:30 p.m. on March 20, 2009.**  For the reasons stated below, the Motion is DENIED.

## II. BACKGROUND

### A. The First Amended Complaint

In the First Amended Complaint, Plaintiff alleges that he was employed by Peninsula and Michael Goff on a commission basis for the four years prior to filing the complaint. FAC, ¶ 1. Plaintiff alleges that Peninsula is a cleaning and maintenance company registered to conduct business in the state of California with its principal place of business in Belmont, California. FAC, ¶¶ 3, 5. Plaintiff further alleges that "Defendants Michael Goff, and DOES 1-10, . . .are, according to information and belief, owners, managers, directors, associates, related to, or employees of [Peninsula] having control over the Plaintiff's work condition and work situation." FAC, ¶ 4. Plaintiff alleges that he "regularly worked in excess of 8 hours a day and 40 hours per week" but that Defendants "knowingly and willingly" failed to pay overtime wages as required by law. FAC, ¶ 7. Plaintiff asserts five claims under California state law and a claim under the FLSA. In support of the FLSA claim, Plaintiff alleges, in part, as follows:

> At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. as Plaintiff was an employee of [Peninsula] who was, at all relevant times, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), because (i)[Peninsula] has attained an annual gross income of $500,000 or more during the 4 years prior to the filing of this case; and (ii) it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

FAC, ¶ 20.

### B. The Motion

Defendants argue that the Court should dismiss Plaintiff's FLSA claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court does not have subject matter jurisdiction over Plaintiff's FLSA claim. In particular, Defendants argue that Plaintiff has not demonstrated that the FLSA applies because he has not alleged facts showing that either: 1) Plaintiff was an employee engaged in commerce; or 2) Peninsula is an enterprise engaged in commerce. *See* 29 U.S.C. §§ 203(s)(1), 207. For the same reason, Defendants argue that Plaintiff fails to state a claim under the FLSA and therefore, the claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants further assert that Plaintiff *cannot* establish that Peninsula is a business engaged in commerce, citing to a declaration by Michael Goff. *See* Declaration of Michael Goff in Support of Motion to Dismiss Complaint ("Goff Decl."). In his declaration, Goff states that he is President of Peninsula, which is a carpet and upholstery cleaning business that goes to buildings to clean carpets and upholstery. Goff Decl., ¶¶ 4-6. According to Goff, Peninsula operates only in San Mateo County and Palo Alto and does not operate outside of California. *Id*.¶¶ 8-9. Goff further states that Peninsula's gross revenues for the last year were approximately $700,000.00 and that it does not produce or transport any goods. *Id*.,¶¶ 12-13.

Finally, Defendants argue that Plaintiff's FLSA claim runs against Peninsula, not Goff, and that as the president of Peninsula, which is a California Corporation, Goff can only be liable as an alter ego for Peninsula. Because Plaintiff has alleged no facts in support of such a theory, however, the FLSA claim against Goff must be dismissed under Rule 12(b)(6). In addition, because Plaintiff's FLSA claim against both Peninsula and Goff fails, Defendants assert, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the complaint in its entirety.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Rule 12(b)(1) authorizes a defendant to seek dismissal based on lack of subject matter jurisdiction. A party seeking dismissal for lack of subject matter jurisdiction may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the pleadings are insufficient on their face. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where a defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may make factual determinations. *White*, 227 F.3d at 1242. Dismissal for lack of subject matter jurisdiction is rare and should only be granted where "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or

frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Further, dismissal on this basis is inappropriate where "the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits . . . ." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). In that case, resolution of the factual dispute should be deferred until a determination on the merits is made, either on summary judgment or at trial. *Id.*

### B.     Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65. For purposes of resolving the motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party. *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir.1995).

### C.     FLSA

The requirements of the FLSA apply to: 1) employees who are "engaged in commerce" or "in the production of goods in commerce," and 2) employees of "enterprises engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). The FLSA defines "enterprise engaged in commerce or the production of goods for commerce" as an enterprise that:

> (A)(i) has employees engaged in commerce or the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . .

29 U.S.C. § 203(s)(1).

## IV. ANALYSIS

### A. Whether the Court Has Subject Matter Jurisdiction Over the FLSA Claim

As a preliminary matter, the Court must address whether Defendants' challenge to Plaintiff's FLSA claim is jurisdictional in nature. The Court concludes that it is not.

In *Jiang v. Lee's Happy House*, the court addressed a challenge very similar to the one at issue here, namely, whether the plaintiff in that case had alleged sufficient facts to show that the defendant was an "enterprise engaged in commerce," as required under the FLSA. 2007 WL 3105087 (N.D. Cal. Oct. 23, 2007). The court concluded that the challenge went to the viability of the FLSA claim rather than to the existence of subject matter jurisdiction, citing to the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). *Id*. at * 2. In *Arbaugh*, the Court addressed whether a numerical limitation in the definition of "employer" under Title VII constituted a jurisdictional bar or merely an element that most be proved to prevail on the claim. *Arbaugh*, 546 U.S. at 511-516. Noting that the Court had been "less than meticulous" with respect to this distinction in the past, the Court set forth a bright-line test, holding that courts should treat a threshold limitation on a statute's scope as jurisdictional only when Congress has clearly stated that the limitation is jurisdictional. *Id*. The court in *Jiang* held that the "business engaged in commerce" requirement of the FLSA is not jurisdictional because Congress did not clearly state that it was. 2007 WL 3105087 at * 3. This Court agrees. Therefore, the Court concludes that Defendants' Motion is properly considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure rather than Rule 12(b)(1).

### B. Whether Plaintiff Has Stated a Claim

#### 1. Peninsula

Defendants assert that Plaintiff fails to state an FLSA claim against Peninsula because it has not alleged facts establishing that Peninsula is an enterprise engaged in commerce. The Court finds Defendants' argument unpersuasive.

In 1961, the FLSA was amended to expand coverage to include not only employees who engage in commerce but also employees of *enterprises* that engage in commerce. *See Donovan v. Scoles*, 652 F.2d 15, 18 (9th Cir. 1981) (citing 29 U.S.C. § 203(s)). In *Donovan*, the Ninth Circuit explained that this coverage is broad:

> The clear language of this amendment indicates that even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. . . . The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate.

*Id*. at 18-19 (citations omitted). One commentator has stated that under this standard, "[a] small business may not be covered but one would rarely come across a business with $500,000 in business that is not covered." Donald J. Spero, *Coverage of the Fair Labor Standards Act: What Connection with Commerce Brings an Employee within the Coverage of the Fair Labor Standards Act? Part 2*, Fla. Bar Journal, June 2007 at 77, 79; *see also Donovan v. Pointon*, 717 F.2d 1320, 1321 (10th Cir. 1983) (holding that individual who hired workers to clear land for construction was a covered enterprise because workers used equipment and parts that came from out of state); *Marshall v. Brunner*, 668 F.2d 749, 752 (3d Cir. 1982) (holding that company whose employees collected trash and scrap metal from homes and commercial enterprises within a single county was covered enterprise because workers used "trucks, truck bodies, tires, batteries, and accessories, sixty-gallon containers, shovels, brooms, oil and gas" that were manufactured out of state); *Dole v. Odd Fellows Home Endowment Board*, 912 F.2d 689, 695 (4th Cir. 1990)(holding that group home for the infirm was covered enterprise because its employees "prepared and served food to the residents, washed the residents' laundry and cleaned the Home, and performed maintenance tasks, all the time using goods and materials that had traveled in interstate commerce").

Here, Plaintiff's allegations are brief – Peninsula is a cleaning and maintenance company that does business in Belmont California and has yearly income of over $500,000. FAC ¶¶ 5, 20. The Court finds that these allegations are not so conclusory as to render the FSA claim speculative, however, especially in light of the broad coverage afforded by the FLSA, as well as the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, the Court

rejects Defendants' assertion that Plaintiff's FLSA claim fails as a matter of law under Rule 12(b)(6). Further, the Court rejects Defendants' reliance on the Goff Declaration in support of its assertion that Plaintiff's FLSA claim against Peninsula is not viable. First, the Court may not consider evidence outside the pleadings on a Rule 12(b)(6) motion. Second, even if the Court were to accept as true the statements in the Goff Declaration, they would not be sufficient to establish that Peninsula is not covered under the FLSA. Finally, the Court concludes that this question raises factual issues that are more appropriately addressed at the summary judgment stage of the case.

### 2. Michael Goff

Defendants assert that Michael Goff should be dismissed as a defendant because Plaintiff's claims run against the corporation, not Goff. Defendants are incorrect.

The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit has held that "[t]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.' " *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir.1999) (citations omitted). To determine whether an individual is an employer under the FLSA, the Court applies an "economic reality test" which requires the court to "consider the totality of the circumstances of the relationship, including whether the alleged employer has the power to hire and fire the employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir.) cert. denied, 510 U.S. 946, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993). The president of a corporation may be individually liable as an employer so long he or she is found to satisfy the economic reality test. *See De Guzman v. Parc Temple LLC*, 537 F.Supp. 2d 1087 (C.D.Cal., 2008) (holding that president of limited liability company could be held personally liable as employer under FLSA); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007) (holding corporation's president personally liable when he had ultimate control over business' day-to-day operations and was corporate officer principally in charge of directing employment practices); *United States Dep't of Labor v. Cole Enter., Inc.*, 62 F.3d 775, 778-79 (6th Cir. 1995) (president and 50% owner of

corporation was employer within FLSA when he ran business, issued checks, maintained records, determined employment practices, and was involved in scheduling hours, payroll, and hiring employees).

Plaintiff has alleged that Goff had "control over the Plaintiff's work condition and work situation." FAC ¶ 4. This allegation is sufficient to state a claim under the FLSA as to Defendant Goff.

## V. CONCLUSION

For the reasons stated above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: March 12, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge